IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MILLENNIUM CRYOGENIC TECHNOLOGIES, LTD., *Plaintiff*, v. WEATHERFORD ARTIFICIAL LIFT SYSTEMS, INC., *et al.*, *Defendants*. | § § § § § § § § § § § § | Civil Action No. H-12-0890 |

**ORDER**

Pending before the Court is the Motion to Exclude Expert Testimony of Dr. Steven Van Sciver on Claim Construction filed by Defendants Weatherford. (Docket Entry No. 106.) Plaintiff MCT filed a response in opposition (Docket Entry No. 115), to which Defendants filed a reply (Docket Entry No. 125).

Based on careful consideration of the motion, the response and reply, the record, and the applicable law, the Court **DENIES** the motion for the reasons that follow.

**I. BACKGROUND AND ARGUMENTS**

Plaintiff MCT designated Dr. Steven Van Sciver as an expert witness for the *Markman* hearing scheduled for September 19, 2012, in this patent infringement case.[1] In the pending motion, Defendants Weatherford complain that Van Sciver did not review the

---

[1] Defendants Weatherford designated Dr. John William Morris, Jr., as their *Markman* expert witness.

prosecution history for the '416 reissue-patent-in-suit or the underlying U.S. and Canadian patents in arriving at his claim construction opinions. They further complain that he did not opine on the attributes or characteristics of one of ordinary skill in the art, and that his expert testimony directly contradicts the intrinsic evidence. According to Defendants, case law supports excluding Van Sciver's proposed testimony in light of these failings.

Plaintiff MCT responds that Van Sciver's opinions regarding the meaning of the claim language are based on the technical specifications and his education, skill, and experience in the field of low temperatures, which Plaintiff asserts is the relevant technical field. The prosecution history, Plaintiff argues, is ambiguous and of minimal assistance in claim interpretation in this particular case. Plaintiff contends that the Court should exercise its discretion to hear Van Sciver's testimony and accord it such weight as the Court deems proper.

In their reply, Defendants Weatherford re-assert that the prosecution history must be considered for purposes of claim construction, that Van Sciver did not opine on the standard of "ordinary skill," and that his expert testimony directly contradicts the intrinsic evidence. (Docket Entry No. 125.)

## II. ANALYSIS

The law is well settled that the decision as to the need for, and use of, experts in claim construction is squarely within the sound discretion of the district court. *Inpro II Licensing, S.A.R.L. v. T-Mobile USA, Inc.*, 450 F.3d 1350, 1357 (Fed. Cir. 2006). The district court has

"complete discretion to adopt the legal expert opinion as its own, to find guidance from it, or to ignore it entirely, or even to exclude it." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 983 (Fed. Cir. 1995), *aff'd*, 517 U.S. 370 (1996).

Plaintiff intends to present Van Sciver as an expert witness in the area of low temperature materials properties, specifically as to thermal and mechanical properties of metals and elastomers over a range of temperatures from room temperature to near absolute zero. (Docket Entry No. 106, Exhibit C.) Van Sciver stated in his report that he has over forty years of experience in low temperature science and technology as a researcher, manager, and consultant in the field, and that he has authored numerous scientific publications. Van Sciver listed the documents he examined for purposes of preparing his expert report, and stated that Plaintiff Millenium asked him "to give opinion as a person of skill in the area of low temperature materials properties concerning the meaning of certain terms of the '416 Patent," including "substantially the same rate," "gradually," and "thermal shock." *Id.* Van Sciver expects "to testify how certain claim terms would be understood by one having technical knowledge on the effects on steel and other materials of low temperatures, approximately minus 25 C and below at the time the invention was made [February 8, 2002]." *Id.*

Defendants Weatherford argue that this proposed expert testimony should be excluded because the '416 Patent prosecution history contains clear statements and disavowals of claim scope, and Van Sciver did not examine the prosecution history in preparing his report.

In support, Weatherford cross-references certain statements made by the applicant during patent prosecution regarding the prior art and distinguishing the disclosed invention from the prior art. (Docket Entry No. 106, pp. 9–11.) However, while these statements clearly use the terms "gradually," "substantially a [sic] same rate," and "thermal shock," Weatherford does not establish that the use of these terms in the prosecution history in any way renders inadmissible Van Sciver's proposed expert testimony. Stated differently, Defendants do not clearly show in the pending motion that Van Sciver's proposed extrinsic evidence directly contradicts the relevant intrinsic evidence. Indeed, to exclude Van Sciver's proposed testimony on these grounds would effectively require the Court to determine claim construction without benefit of the *Markman* hearing.

Generally, claim terms should be given their ordinary and customary meaning to a person having ordinary skill in the art at the time of the effective date of the patent application. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312–13 (Fed. Cir. 2005) (en banc); *see also Innova/Pure Water Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1116 (Fed. Cir. 2004) ("A court construing a patent claim seeks to accord a claim the meaning it would have to a person of ordinary skill in the art at the time of the invention."). To determine the scope and meaning of disputed claim terms, the courts look to the words of the claims themselves, the written description, the prosecution history, and, finally, any relevant extrinsic evidence. *Phillips*, 415 F.3d at 1312–19.

4

Undeniably, the Court must, and will, examine any prosecution history and other intrinsic evidence admitted into evidence as part of the claim construction process; neither party disputes this fact, although they dispute the relative *value* of the prosecution history in this particular instance. The Court will also look to any relevant extrinsic evidence admitted into evidence. However, Weatherford does not direct the Court to any authority holding that the proposed testimony of an expert witness such as Van Sciver must be excluded if the witness did not review the prosecution history. To the contrary, the parties are represented by experienced, skilled, and well-prepared counsel who will, without doubt, expose through cross examination during the *Markman* hearing any failings or discrepancies in the testimony and opinions of the expert witnesses.

Defendants Weatherford further argue that Van Sciver's proposed expert testimony, "untethered" to the prosecution history, is incapable of helping the Court properly construe the claims. Cases cited by Weatherford are inapposite to Defendants' argument, as none holds that an expert's proposed testimony must be excluded if the expert has not reviewed the prosecution history. Rather, the cases emphasize the Court's need to consider the prosecution history, and advise that extrinsic evidence may be used as secondary sources. Consequently, these cases involve consideration of the weight to be given, and not the admissibility of, expert testimony and other extrinsic evidence. *See, e.g., Phillips*, 415 F.3d at 1321 (warning against "heavy reliance" on dictionary term meanings divorced from intrinsic meaning); *Vitrionics*, 90 F.3d at 1585 ("Opinion testimony on claim construction

should be treated with the utmost caution, for it is no better than opinion testimony on the meaning of statutory terms.").

Nor can the Court, at this early point, determine the merits of Defendants' argument that Van Sciver's proposed expert testimony "does not provide the Court with evidence on the attributes or characteristics of one of ordinary skill in the art." (Docket Entry No. 106, p. 18.) This is an issue that can be addressed properly by the Court only in context of the evidence admitted at the *Markman* hearing.

### III. CONCLUSION

The Court will exercise its discretion to hear the testimony of Van Sciver at the *Markman* hearing and afford it such weight as the Court may find proper. The motion to exclude Van Sciver's testimony (Docket Entry No. 106) is **DENIED**.

Signed at Houston, Texas, on this the 17th day of September, 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE